UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Michael K. Faust,

        Plaintiff,

vs.                      REPORT AND RECOMMENDATION

B.O.P.,

        Defendant.          Civ. No. 06-2316 (JNE/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Application to Proceed in forma pauperis ("IFP"). The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made on behalf of the Defendant.

The Plaintiff, who is an inmate at the Federal Medical Center in Rochester, Minnesota, commenced this action by filing a Complaint seeking relief for alleged violations of his Federal constitutional rights. See, Docket No. 1. The Plaintiff did not pay any filing fee for this action but, instead, filed an application seeking leave to

proceed IFP. See, Docket No. 2. We previously reviewed the Plaintiff's IFP Application, and found that he had failed to provide his certified trust account information, as is required by Title 28 U.S.C. §1915(a)(2). Accordingly, by Order of June 9, 2006, we directed the Plaintiff to file an Amended IFP Application, along with an initial partial filing fee, as is required by Title 28 U.S.C. §1915(b)(1). See, Docket No. 3. The Plaintiff was further admonished that his failure to comply with these directives, within 20 days of the date of the Order -- that is, by June 29, 2006 -- could result in the case being dismissed for lack of prosecution.

In response, the Plaintiff filed a letter with the Clerk of Court on June 20, 2006, which we have construed as a Motion for Appointment of Counsel. Docket No. 4. In the letter, the Plaintiff also represented "Note I am having my Case Manager Michelle Schmidt fill out financial rescourse [sic] form you sent and I want this specific detailed information attached to my complaint as well." Id. at p. 4. However, the Plaintiff has subsequently failed to provide any documentation which would demonstrate his eligibility for IFP status, and he has further failed to pay any of the required filing fee, as required by our Order.

The deadline for satisfying the requirement of this Court's prior Order expired nearly three weeks ago, and the Plaintiff has failed to comply. Therefore, based on the

Plaintiff's failure to comply with our Order dated June 9, 2006, and his failure to prosecute this action, we recommend that his Complaint be summarily dismissed, without prejudice, see Rule 41(b), Federal Rules of Civil Procedure (declaring that actions may be dismissed for failure to comply with Court Orders); see also, Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)(recognizing that a Federal Court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"); In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997)(advising that the failure to submit financial information required by §1915(a)(2), or an initial partial filing fee required by § 1915(b)(1), "may result in dismissal of a prisoner's action"), and that the Plaintiff's Application to proceed IFP be denied, as moot. Given the Court's determination that this action should be dismissed pursuant to Rule 41(b), it is recommended that the Plaintiff's pending collateral Motion for Appointment of Counsel also be denied, as moot.

NOW, THEREFORE, It is --

RECOMMENDED:

1.   That the Plaintiff's Complaint [Docket No. 1] be dismissed, but without prejudice, for failure to comply with this Court's Order dated June 9, 2006, and for failure to prosecute.

    2.    That the Plaintiff's Application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> [Docket No. 2] be denied, as moot.

    3.    That the Plaintiff's Motion for Appointment of Counsel [Docket No. 4] be denied, as moot.

Dated: July 14, 2006                        <u>s/Raymond L. Erickson</u>

                                                  Raymond L. Erickson
                                                  CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than July 31, 2006,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than July 31, 2006,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.